UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALFRED FORBES**  **CIVIL ACTION**

**VERSUS**  **NO. 22-4908**

**UNITED SERVICES AUTOMOBILE ASSOCIATION**  **SECTION: "G"(5)**

**ORDER AND REASONS**

Before the Court is Defendant United Services Automobile Association's ("USAA") Motion to Dismiss for Lack of Subject Matter Jurisdiction.[1] USAA argues that diversity jurisdiction in this Court is improper because USAA is considered a citizen of each of the fifty states for diversity jurisdiction purposes.[2] To that end, USAA contends that it is also a citizen of Louisiana, resulting in a lack of complete diversity.[3] In opposition, Plaintiff Alfred Forbes ("Plaintiff") avers that USAA's Motion to Dismiss is untimely.[4] Considering the motion, the opposition, the reply memorandum, and the applicable law, the Court grants the motion.

**I. Background**

Plaintiff is the owner of property located at Lot 148, Tangipahoa River, Ponchatoula, Louisiana 70454.[5] Plaintiff submits that the property was insured and maintained by USAA,[6] and

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 20-1 at 1.

[3] *Id.*

[4] Rec. Doc. 23.

[5] Rec. Doc. 1 at 1.

[6] *Id.*

1

said property was allegedly damaged on or around August 29, 2021, due to Hurricane Ida.[7] Plaintiff contends that he notified USAA of his damages, and USAA conducted an inspection which resulted in adjustments which were "wholly deficient."[8] Plaintiff avers that due to USAA's alleged failure to pay each of Plaintiff's claims fairly and promptly, Plaintiff has suffered and continues to suffer considerable damages.[9]

The Complaint alleges that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship as between Plaintiff (a Louisiana citizen) and USAA (an alleged Texas citizen), and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.[10]

Plaintiff filed a Complaint in this Court on December 4, 2022 against USAA while represented by McClenny, Moseley & Associates ("MMA").[11] On March 8, 2023, this Court entered an Order staying all cases filed by MMA.[12] On August 24, 2023, Magistrate Judge Michael North entered an Order enrolling new counsel on behalf of Plaintiff and lifting the MMA stay.[13] On September 14, 2023, USAA filed the instant Motion to Dismiss.[14] On September 25, 2023, Plaintiff filed an opposition to the motion.[15] On October 3, 2023, USAA filed a reply memorandum

---

[7] *Id.* at 3.

[8] *Id.* at 4.

[9] *Id.*

[10] *Id.* at 2.

[11] Rec. Doc. 1.

[12] Rec. Doc. 8.

[13] Rec. Doc. 18.

[14] Rec. Doc. 20.

[15] Rec. Doc. 23.

in further support of the motion.[16]

## II. Parties' Arguments

### A. *USAA's Arguments in Support of the Motion to Dismiss*

USAA contends that it is considered a citizen of each of the fifty states for diversity jurisdiction purposes under 28 U.S.C. § 1332.[17] To that end, USAA submits that it is a citizen of Louisiana.[18] It is USAA's position that since Plaintiff is a citizen of Louisiana for diversity purposes and USAA is also a Louisiana citizen, Plaintiff is not diverse from Defendant.[19] As such, USAA submits that since complete diversity does not exist, this Court lacks subject matter jurisdiction and should dismiss this case.[20]

### B. *Plaintiff's Argument in Opposition to the Motion to Dismiss*

In opposition, Plaintiff concedes that USAA is a citizen of all fifty states.[21] Plaintiff argues that since the Order lifting the MMA stay was signed on August 23, 2023, USAA had 21 days, on or before September 13, 2023, within which to file responsive pleadings.[22] Plaintiff submits that the instant motion was not filed until September 14, 2023, one day later.[23] Plaintiff asserts that USAA appears to "pick and choose" when it desires to assert jurisdictional defenses and cites to various federal cases involving USAA.[24] Plaintiff urges the Court to deny USAA's Motion to

---

[16] Rec. Doc. 27.

[17] Rec. Doc. 20-1 at 1.

[18] *Id.* at 2.

[19] *Id.*

[20] *Id.* at 3.

[21] Rec. Doc. 23 at 1.

[22] *Id.* at 1–2.

[23] *Id.* at 2.

[24] *Id.*

3

Dismiss.[25]

C.    *USAA's Argument in Further Support of the Motion to Dismiss*

In further support of the motion, USAA contends that while Magistrate Judge North signed the Order lifting the stay on August 23, 2023, the Clerk of Court did not enter the Order and USAA was not served with the same until August 24, 2023.[26] As such, USAA asserts that it timely filed its Motion to Dismiss within 21 days of entry and service of the Order.[27] Additionally, USAA submits that the cases cited by Plaintiff include subsidiaries of USAA with distinct citizenships.[28] As such, USAA moves the Court to grant the motion.

### III. Legal Standard

Federal courts are courts of limited jurisdiction; absent jurisdiction conferred by the Constitution or by statute, they lack the power to adjudicate claims.[29]

Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." "In *Strawbridge v. Curtiss*, the Supreme Court established the rule of complete diversity for cases arising under 28 U.S.C. § 1332. Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[30] "The burden of proving that complete diversity exists rests upon the party who seeks to

---

[25] *Id.*

[26] Rec. Doc. 27 at 1.

[27] *Id.*

[28] *Id.* at 2.

[29] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[30] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citations and internal quotation marks omitted).

invoke the court's diversity jurisdiction."[31] When a plaintiff invokes diversity jurisdiction, the complaint "must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."[32] The basis of jurisdiction "cannot be established argumentatively or by mere inference."[33]

The standard of review for a Rule 12(b)(1) motion to dismiss turns on whether the defendant has made a "facial" or "factual" jurisdictional attack on the complaint.[34] A defendant makes a "facial" jurisdictional attack by merely filing a motion under Rule 12(b)(1) challenging the court's jurisdiction.[35] Under a facial attack, the court is only required to assess the sufficiency of the allegations contained in the plaintiff's complaint, which are presumed to be true.[36] A "factual" attack, however, is made by providing affidavits, testimony and other evidentiary materials challenging the court's jurisdiction.[37] When a "factual" jurisdictional attack is made by a defendant, the plaintiff must submit facts in support of the court's jurisdiction, and the plaintiff bears the burden of proving by a preponderance of the evidence that the court, in fact, has subject-matter jurisdiction.[38]

A Rule 12(b)(1) motion should be granted only when "it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction."[39] In ruling on a

---

[31] *Getty Oil*, 841 F.2d at 1259.

[32] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804-5 (5th Cir. 1991) (citations omitted).

[33] *Illinois C. G. R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983).

[34] *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015) (quoting *Venable v. Louisiana Workers' Compensation*

Rule 12(b)(1) motion, the Court may hold an evidentiary hearing, consider "conflicting written and oral evidence[,] and decide for itself the factual issues which determine jurisdiction."[40] "Jurisdictional issues are for the court—not a jury—to decide, [regardless of] whether they hinge on legal or factual determinations;" thus, the court is "free to weigh the evidence."[41]

## IV. Analysis

As an initial matter, notwithstanding the alleged untimeliness of USAA's motion, the Court will, within its discretion, consider the motion. Plaintiff argues that USAA's responsive pleadings should have been filed within 21 days of the signing of the August 23, 2023 Order lifting the MMA stay.[42] As such, it is Plaintiff's position that USAA's responsive pleadings should have been filed on or before September 13, 2023.[43] USAA filed the instant motion on September 14, 2023, one day later. USAA argues that while the Order lifting the MMA stay was signed on August 23, 2023, it was not entered by the Clerk of Court until August 24, 2023.[44] Thus, USAA argues that its motion is timely.[45] USAA's motion raises the issue of lack of subject matter jurisdiction. A challenge to the Court's subject matter jurisdiction over a case may be raised at any time because it goes to the Court's very power to hear the case.[46] "Therefore, although courts often consider untimely Rule 12(b)(1) motions without making any reference to Rule 12(c), the latter rule

---

*Corp.*, 740 F.3d 937, 941 (5th Cir. 2013)) (internal quotation marks omitted).

[40] *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

[41] *Id.*

[42] Rec. Doc. 23 at 1–2.

[43] *Id.*

[44] Rec. Doc. 27 at 1.

[45] *Id.*

[46] *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).

technically provides the procedural vehicle for presenting the Rule 12(b)(1) defense after an answer."[47] As such, the Court will consider USAA's Motion to Dismiss because it raises a jurisdictional issue.

USAA argues that this Court lacks complete diversity, and thus, the case should be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[48] As stated above, pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." USAA contends that it is a citizen of all 50 states, and thus, it is a citizen of Louisiana, destroying complete diversity since Plaintiff is also a citizen of Louisiana.[49] It is undisputed that USAA is a citizen of all fifty states.[50] Louisiana courts have dismissed suits against USAA brought by Louisiana plaintiffs based on lack of diversity jurisdiction.[51] Therefore, this Court lacks subject matter jurisdiction and must dismiss Plaintiff's case without prejudice.

## V. Conclusion

For the reasons stated herein, the Court finds that it lacks subject matter jurisdiction over this matter. Accordingly,

**IT IS HEREBY ORDERED** that USAA's Motion to Dismiss for Lack of Subject Matter

---

[47] *Resea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 2569440, at *2 (W.D. Tex. Mar. 17, 2023).

[48] Rec. Doc. 20-1 at 1.

[49] *Id.* at 2.

[50] Rec. Doc. 20 at 1.

[51] *See e.g., Fields v. Progressive Cas. Ins. Co.*, 21-477, 2022 WL 324028, at *3 (M.D. La. Jan. 18, 2022), report and recommendation adopted, 21-477, 2022 WL 323968 (M.D. La. Feb. 2, 2022) (citation omitted); *Cruz v. United Servs. Auto. Ass'n*, 21-515, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021); I, 19-13724, 2020 WL 6262996, at *1-2 (E.D. La. Feb. 28, 2020); I, 06-4354, 2007 WL 275902, at *2 (E.D. La. Jan. 25, 2007).

Jurisdiction[52] **GRANTED.** Plaintiff Alfred Forbes's claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**NEW ORLEANS, LOUISIANA**, this  21st  day of November, 2023.

                                                                            _____
                                                                           **NANNETTE JOLIVETTE BROWN**
                                                                           **CHIEF JUDGE**
                                                                           **UNITED STATES DISTRICT COURT**

---

[52] Rec. Doc. 20.